UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------X
In re Application of DAVID NEIL GERRARD for an
Order Pursuant to 28 U.S.C. § 1782 to
Obtain Discovery for Use in Foreign Proceedings from
YURI KOSHKIN and TRIDENT GROUP GLOBAL
LLC
-------------------------------------------------------------------X

Misc. Case. No.: 1:23-mc-21921-BB

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER TO OBTAIN DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Petitioner, David Neil Gerrard ("Petitioner" or "Gerrard"), through his undersigned counsel, respectfully submits this Memorandum of Law in support of his Application for Discovery pursuant to 28 U.S.C. § 1782 for use in foreign legal proceedings currently pending in the United Kingdom.

**STATEMENT OF FACTS**

The factual background is fully set forth in the accompanying Petition, the Declarations of Charles Fussell and Andrew St. Laurent and the Exhibits annexed thereto. In sum, Gerrard is a UK solicitor and was formerly a partner in the law firm Dechert LLP's global white-collar crime and investigation practice group. Gerrard has been engaged as a defendant in six UK proceedings in the High Court of Justice Business and Property Courts of England and Wales Commercial Court ("High Court"): (1) *Eurasian Natural Resources Corporation v. the Director of the Serious Frauds Office, et al.*, Claim No: 2019-000644 (the "ENRC Proceedings"); (2) *Ras Al Khaimah Investment Authority v. Azima*, et al., Claim No: 2016-002798 (the "Azima Proceedings"); (3) *Karam Salah Al Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black*, Claim No. 2020-000322; and (4) *Jihad Abdul Qader Saleh Quzmar v. Dechert, LLP and Neil Gerrard*, Claim No. 2020-003142 (together with the Al Sadeq case, the "Human Rights Proceedings"); (5) *Stokoe Partnership Solicitors v. Mr. Patrick Tristram Finucane Grayson, Grayson + Co Limited,*

*Mr. Stuart Robert Page, and Page Corporate Investigations Limited*, Claim No: QB-2020-002492 (the "Stokoe Proceedings"); and (6) *Mikadze and others v. Dechert LLP and others*, Case No: QB-2022-002787 (the "Mikadze Proceeding") (collectively with the exclusion of the ENRC Proceeding the "UK Proceedings") .

Eurasian Natural Resources Corporation ("ENRC") is a mining conglomerate that accused Gerrard of leaking information to the United Kingdom Serious Fraud Office ("SFO") and the press to increase ENRC's need for his and Dechert's legal services. Currently, ENRC is seeking permission to bring contempt proceedings against Gerrard. Gerrard opposes the grant of permission, arguing that ENRC is not a proper person to bring the application under relevant UK law and that no such application should be granted because ENRC is doing so for a collateral or illegitimate purpose. *See* Declaration of Charles Fussell ("Fussell Dec."), annexed to Andrew St. Laurent Decl. (St. Laurent Decl.) as Ex. A. As explained further below, the discovery here sought is relevant and material to the UK contempt proceedings.

Filings in a 28 U.S.C. § 1782 Proceeding in the Federal District Court for Middle District of North Carolina, *In re Application of Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors for an Order Under 1782 to Conduct Discovery for Use In Foreign Proceeding*, 21-mc-6 (May 12, 2023),[1] seem to indicate that ENRC is funding and/or coordinating litigations against Gerrard for illegitimate purposes, *viz.*, either to effect revenge on Gerrard personally or to compel him to cooperate with ENRC in its continuing disputes with the SFO. Those same filings suggest

---

[1] Redacted versions of these documents were filed in *Azima v. Del Rosso, et al.*, Case No. 20-cv-954 (the "Del Rosso Proceeding"), but did not reveal the pertinent transcript portions which triggered this application.

that the ENRC has improperly funded and controlled the Azima Proceedings and/or the Human Rights Proceedings to the same ends.

The parties against whom discovery is sought here are Yuri Koshkin, a former Soviet intelligence officer and current corporate consultant and investigator based in Miami, Florida and his consulting company, Trident Global Group, LLC ("Trident"), a Florida limited liability company.

As described in detail in the accompanying Petition, Koshkin contacted Nicholas Del Rosso ("Del Rosso"), a co-defendant to Gerrard in several matters, prior to Azima bringing a lawsuit against Del Rosso and indicated he had been authorized by Azima and ENRC to attempt to resolve matters with Del Rosso. Koshkin went on to detail ENRC's "obsession" with Gerrard and how ENRC was "pulling out all their stops" to "grab and exploit information" for use against Gerrard. *See* St. Laurent Decl., Ex. B and Petition, ¶ 29. Koshkin describes to Del Rosso how in 2017, ENRC had approached Dechert to resolve the matter: if "Neil [Gerrard] came clean and explained everything that happened, then they [ENRC] would find a way to resolve this." (Petition, ¶ 31.) However, "this didn't happen and so they [ENRC] really went after him [Gerrard]." (*Id.*) This involved seeking out other litigations against Gerrard: "that man [the principal of ENRC] would cooperate with anyone who was fighting with Neil [Gerrard]." (*Id.*) To that end, ENRC met with Azima in 2018, saying that "they had a common interest in … cornering [Gerrard]." (*Id.*) It appears that Azima and ENRC agreed to an exchange, whereby ENRC would provide financing for Azima's litigation and Azima would provide the information it obtained about Gerrard: "he [presumably Azima] was prepared to tell them everything … that he [presumably Azima] knew and share information he had to facilitate their case. So, essentially, it was money in exchange

information . . . . What he [ENRC or its agent] said we want in return is we want all the information that your client [Azima] has with regard to Neil." (*Id.*)

In his conversations with Del Rosso, Koshkin specifically discussed ENRC's ability to influence Azima's counterclaims against Dechert and Gerrard (and others) in the Azima Proceedings: "So, having said all that – he [ENRC's agent] said that the – he said I believe we have leverage over Azima. Yeah, and he said that we would think we can prevent from filing an appeal and from counter-suing." (*Id.* at ¶ 32.) Koshkin informed that "[t]he ENRC was funding Azima's appeal in the English Proceeding because the ENRC had committed to paying the judgment [of $4.165 million that RAKIA had obtained] against him." (*Id.*) Koshkin also explained ENRC's motivation for these actions to Del Rosso: "[T]hey're [ENRC] really obsessed about Neil …. You know, he said when he mentioned that Neil caused [presumably cost] them a billion dollars in the past 10 years, I said that's kind of steep . . . . So, anyway, I think part of it is business and money and part of it is just revenge." (*Id.*, ¶ 34).

Finally, while none of these conversations reference ENRC's funding of the UK Proceedings, the open questions about how those cases have been funded (with certain of the plaintiffs required to post over 10 million pounds for them to proceed (Fussell Decl. ¶ 35)), together with Koshkin's admission of his and ENRC's involvement in funding the Azima Proceedings, there is a reasonable basis to believe that Koshkin and/or Trident have documents or information concerning ENRC's involvement in those proceedings.

Accordingly, there is a factual basis to believe that Koshkin and/or Trident possess documents and information relevant to the UK proceedings. The Court should allow limited discovery in this jurisdiction under Section 1782 in aid of those proceedings.

4

## ARGUMENT

A court may grant an applicant discovery in the United States in aid of a foreign proceeding where: (1) the person from whom discovery is sought resides or is found in the district where the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by an "interested person." 28 U.S.C. § 1782; *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007). The court's "discretion in deciding whether to grant the petition should be guided by the twin aims of the statute providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013), *adhered to sub nom. In re de Melo Pimenta*, No. 12-24043-MC, 2013 WL 12157798 (S.D. Fla. Aug. 20, 2013). In a Section 1782 proceeding, the issue of the underlying foreign litigation does not rest before this Court. *In re Pons*, No. 19-23236-MC, 2020 WL 1860908, at *4 (S.D. Fla. Apr. 13, 2020), *aff'd sub nom. Pons v. AMKE Registered Agents*, LLC 835 F. App'x 465 (11th Cir. 2020) (citations omitted). The district court also need not make an independent finding that the materials sought are discoverable under the laws of the foreign jurisdiction where the proceeding is pending. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004).

The facts and circumstances here satisfy the statutory requirements, which the Supreme Court has held are to be interpreted liberally to permit a broad range of discovery. *Id.* at 259.

As to the first requirement, Koshkin and Trident both reside in the district. Trident Group Global, LLC is a Florida LLC with its head office at 1910 Bay Drive, Unit 301, Miami Beach, FL, 33141, which is a residential apartment where Koshkin and his wife reside. *See* St. Laurent Decl.,

Ex. D; *see also In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1302 (S.D. Fla. 2012).

As to the second requirement, the discovery Gerrard seeks is for use in a proceeding before a foreign tribunal—here, the ENRC Proceedings and UK Proceedings are presently pending before the High Court of England and Wales. The Eleventh Circuit interprets a "proceeding" under § 1782 as including a broad spectrum of actions, including an "investigation." *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014). An ongoing litigation before a foreign court is unquestionably a proceeding for the purposes of Section 1782. *See Dep't of Caldas v. Diageo PLC*, 925 F.3d 1218, 1224 (11th Cir. 2019) (even preliminary filing towards foreign litigation sufficed for "proceedings"). Accordingly, the four cases currently going forward in the High Court that Gerrard has identified constitute such proceedings.

Finally, because he is a respondent to the contempt proceeding, a defendant or counterclaim defendant in the UK Proceedings, Gerrard is an "interested person" within the meaning of § 1782 for all of these proceedings, "[a]s a party to the dispute … plainly is an 'interested person.'" *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A.*, 747 F.3d at 1269.

Once the threshold statutory requirements are met (as they are here), the District Court maintains broad discretion to grant the discovery requests. There are four factors courts consider in determining whether to exercise that discretion: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government of the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

a foreign country of the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel Corp.*, 542 U.S. at 264–65.

Each of these discretionary factors weighs in favor of granting Gerrard's application. First, Koshkin is not a party to the ENRC Proceeding or the UK Proceedings. *See id.* at 264 ("when the person from whom discovery is sought is a participant in the foreign proceeding..., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad[.]") Second, as set forth in the Declaration of Charles Fussell, the High Court would allow the sought discovery to be utilized (*id.*, at ¶¶ 47-52) and, thus, would be "receptive" to this Court's assistance in ordering the production (*id.*). Many U.S. courts have noted the receptivity of UK courts to documents and information obtained in Section 1782 proceedings. *See In re Application of Shervin Pishevar for an Ord. to take Discovery for use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, 439 F. Supp. 3d 290, 303 (S.D.N.Y. 2020), *adhered to on reconsideration sub nom. In re Pishevar*, No. 119MC00503JGKSDA, 2020 WL 1862586 (S.D.N.Y. Apr. 14, 2020); *In re Iraq Telecom Ltd.*, No. MC 19-175, 2023 WL 2402873, at *6 (E.D. Pa. Mar. 8, 2023); *Azima v. Handjani*, No. 21 MISC. 501 (PGG), 2022 WL 2788400, at *7 (S.D.N.Y. July 15, 2022). It is well-established that a § 1782 proceeding is appropriate to gather information in aid of a foreign enforcement proceeding. *See In re Clerici*, 481 F.3d at 1332 (distinguishing information gathering from enforcement). Third, Gerrard is not attempting to circumvent foreign evidentiary restrictions. Instead, he is attempting to obtain relevant discovery that is located within the United States and not in the United Kingdom. (*See* Fussell Decl., ¶ 43). Finally, the proposed requests for documents and testimony are sufficiently tailored and to the extent that Koshkin's role in the ENRC campaign is limited, his burden should be minimal.

**CONCLUSION**

For the foregoing reasons, the instant petition should be granted in its entirety, together with such other and further relief as this Court may deem just and proper.

\* \* \*

Dated: May 24, 2023

Respectfully submitted,

HARRIS ST. LAURENT & WECHSLER LLP

By: *[signature]*
_____
Andrew St. Laurent
(*PHV Application Forthcoming*)
Evan W. Bolla
(*PHV Application Forthcoming*)
40 Wall Street, 53rd Floor
New York, New York 10005
(212) 397-3370
andrew@hs-law.com
ewbolla@hs-law.com

MARCUS NEIMAN
RASHBAUM & PINEIRO LLP

By: */s/ Jeffrey E. Marcus*
Jeffrey E. Marcus, Esq.
Florida Bar No. 310890
jmarcus@mnrlawfirm.com
Bryan A. Almeida, Esq.
Florida Bar No. 1005558
balmeida@mnrlawfirm.com
One Biscayne Tower
2 S. Biscayne Blvd., Ste. 2530
Miami, Florida 33131
(305) 400-4260

*Attorneys for Petitioner,
David Neil Gerrard*