UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mc-21921-BLOOM/Torres

DAVID NEIL GERRARD,

    Petitioner,

v.

YURI KOSHKIN, and
TRIDENT GROUP GLOBAL, LLC,

    Respondents.
_____/

**OMNIBUS ORDER GRANTING THE MOTION TO SUPPLEMENT THE RECORD
AND ADOPTING THE MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

**THIS CAUSE** is before the Court upon Respondents Yuri Koshkin's ("Koshkin") and Trident Group Global LLC's ("Trident") (together "Respondents") Motion to Quash Subpoenas and Dismiss Proceeding ("Motion to Quash") ECF No. [11]. The Motion to Quash was referred to Magistrate Judge Alicia Otazo-Reyes, ECF No. [13]. On October 10, 2023, the Magistrate Judge issued the Report and Recommendation ("R&R"), ECF No. [19], recommending that Respondents' Motion be granted in part. Respondents filed an Objection, ECF No. [20], to which Petitioner filed a Response, ECF No. [22]. Additionally, Respondents filed a Motion to Supplement the Record ("Motion to Supplement"), ECF No. [21], to which Petitioner filed a Response in Opposition, ECF No. [23]. Respondents filed a one-page Omnibus Reply, ECF No. [24].

The Court has conducted a *de novo* review of the R&R and the Objection in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the R&R, the Objection, the Response, the Motion to Supplement, the record

in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court grants Respondents' Motion to Supplement, overrules Respondents' Objection, and adopts the R&R.

I.      BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R.

Respondents object to the reasoning and conclusion as to the Azima Proceeding in the R&R that Petitioner satisfied both the third statutory factor of 18 U.S.C. § 1782, and the *Intel* discretionary factors which aid a court in determining whether to exercise its authority under § 1782. ECF No. [20] at 1-2; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The third § 1782 factor requires that the evidence must be "for use in a proceeding in a foreign or international tribunal." *In re Pons*, No. 19-23263-MC, 2020 WL 1860908, at *2 (S.D. Fla. Apr. 13, 2020) (quoting *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007)).

Respondents provide specific written objections to the weight attached to (1) the Fussell Declaration; and (2) the recorded conversation between Koshkin and Nicholas Del Rosso based upon Respondents' "temporal disconnect" argument. ECF No. [20] at 4. Petitioner responds that the R&R is correctly reasoned, that he has satisfied the third "for use" factor required by § 1782, that Respondents' "temporal disconnect" argument "defies logic," and the *Intel* factors weigh in favor of the Court exercising its § 1782 authority to grant the Petition. ECF No. [22]. Respondents did not submit any specific objections to the reasoning as to the *Intel* factors.

Additionally, Respondents filed their Motion to Supplement, ECF No. [21] "[t]o assist the Court in understanding champerty." *Id*. at 2. Respondents ask the Court to permit submission of a statement provided by an English qualified barrister with experience in champerty litigation in the

United Kingdom and an excerpt from a textbook. *Id*; ECF No. [21-1]. Petitioner responds that the Motion to Supplement is improper, ECF No. [23] at 6-8. Respondents reply that the Motion to Supplement addresses Petitioner's core claims. ECF No. [24] at 1.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 636(b)(1)(c) "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence." "The District Judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before the Magistrate Judge, making his own determination on the basis of that record. The District Judge may also receive further evidence, recall witnesses, or recommit the matter to the Magistrate Judge with instructions." S.D. Fla. L. Mag. J.R. 4(b).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for

3

an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

#### a. Motion to Supplement

Respondents filed both their Objection to the R&R, ECF No. [20], and their Motion to Supplement, ECF No. [21], within the fourteen-day deadline to object to a Magistrate Judge's proposed findings, recommendations, or report. Objections to an R&R must provide "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Respondents' Motion to Supplement provides legal authority on the English laws of champerty and maintenance and authority to help define the contours of those English laws.

Petitioner objects that the submission is improper and that courts in this district have "decline[d] to exercise its discretion to consider [a new] argument that should have, and could have, been previously raised." *Coppola v. Casaro Labs, Ltd.*, No. 12-81163-CIV, 2014 WL 12515258, at *2, (S.D. Fla. May 16, 2014). Further, Petitioner argues that courts in this district "strongly disapprove[] of the practice of asserting [a] new argument in an objection to a report and recommendation." *Ambrosia Coal & Constr. Co. v. Pages Morales*, No. 99-7677-CIV, 2006 WL 8436043, at *1 (S.D. Fla. Jan. 25, 2006).

Case No. 23-mc-21921-BLOOM/Torres

Respondents reply that "Petitioner continues to claim that champerty and maintenance are potential defenses in the U.K. justifying the discovery sought under Section 1782." ECF No. [24] at 1. Respondents move to supplement the record as to that point. *Id*.

The Court agrees with Respondents. The Local Rules allow this Court to receive additional evidence pursuant to S.D. Fla. L. Mag. J.R. 4(b). Petitioner concedes this point in his Response. ECF No. [23] at 7. Moreover, the supplement does not contain a new argument; rather it is "supporting legal authority" permitted by Magistrate Rule 4(b), both narrowly tailored to, and directly addressing the underlying issue before the Court.

The first supplement is a written statement by an established and qualified English barrister, who frames his submission in that he "was asked to advise the Respondents on a point of English law" relied upon in this action and "not to prepare an independent opinion for the District Court." ECF No. [21-1] ¶¶ 1, 2(c). In preparing the supplement, the Expert reviewed specific pleadings, the Petition, and the R&R. *Id*. ¶ 4. The second supplement is a chapter entitled "Maintenance and Champerty" from a textbook by Professor Richard A. Buckley, Illegality and Public Policy, 137-153 (6th ed. 2023). ECF No. [21-2]

Petitioner's reliance on *Casaro Labs* is misplaced because the plaintiff in *Casaro Labs* attempted to raise a new argument, "mistake of fact" in its objection "after [the] Magistrate Judge and the parties had already incurred significant time and expense litigating the [different] issue of settlement." 2014 WL 12515258, at *2. Here, Respondents move to provide supplemental information directly addressing an existing argument. ECF No. [1] ¶¶ 6, 40. Petitioner's reliance on *Ambrosia Coal* is similarly misplaced. There, the Plaintiff objected to the Magistrate Judge's R&R and raised a new argument, whether the case "existed solely by virtue of federal question jurisdiction arising from its federal RICO claims." 2006 WL 8436043, at *1. That issue is also

5

distinguishable from Respondents' Motion to Supplement. The proposed supplement does just that, it supplements the Objection and the existing points in this matter. No new argument is raised.

Accordingly, the Court exercises its discretion and will permit the supplement to be considered. As such, Respondents' Motion to Supplement is granted.

### b. Reliance upon the Fussell Declaration.

Respondents object that Petitioner failed to satisfy the "for use" requirement within § 1782 because he "failed to demonstrate [] the 'practical ability to inject the requested information into the foreign proceeding' or that the requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding.'" ECF No. [20] at 3 (quoting *In re Bernal*, 2018 WL 6620085, *4 (S.D. Fla Dec. 18 2018)). First, Respondents argue that Petitioner fails to demonstrate the practical ability to "inject" the discovery information he seeks into the UK proceeding because of equivocating language within the Fussell Declaration. ECF No. [20] at 3. Respondents contend that the following language supports their argument: the litigation funding "*may*" amount to unlawful champerty and maintenance; Koshkin's statements only raise the "*possibility*" of improper funding in the Azima Proceeding; and that the potential improper funding by ENRC of the Azima Proceeding "*may*" be relevant. *Id*. Next, Respondents argue that it is unclear whether champerty "is a defense applicable to [Petitioner] in the Azima Proceedings" and therefore there is no practical ability to inject the information requested into the foreign proceedings. *Id*. at 4. Finally, Respondents argue that Petitioner's "open questions about how the cases [against him] are funded" fall below the level of a practical ability to inject information into the foreign proceedings. *Id*. at 4. Respondents cite to *In re Kivisto*, 521 F. App'x 886 (11th Cir. 2013) for support where the Eleventh Circuit held that a § 1782 petition should be denied when it

is a "fishing expedition." *Id*. at 888. For those reasons, Respondent argues that Petitioner's § 1782 Petition should be denied.

Petitioner responds that the language in the Fussell Declaration is not equivocating, it is "tempered" because "Fussell cannot predict what Koshkin will say at his deposition or what documents he or Trident possess." ECF No. [22] at 4-5. Any uncertainty is "because the evidence [] remains to be developed." *Id*. at 5. Next, Petitioner argues that the standard to satisfy the "for use" requirement in 18 U.S.C. § 1782 is relevancy, not admissibility, pursuant to the Federal Rules of Civil Procedure, 26(b)(1). *Id*. at 5. Petitioner relies on *Application of Consorcio Ecuatoriano de Telecommunications S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1272 (11th Cir. 2014)). ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.") (quoting Fed. R. Civ. P. 26(b)(1)). Petitioner notes that Magistrate Judge Otazo-Reyes concluded that the evidence sought would be relevant to Petitioner's defense, and therefore the proper standard was applied. ECF No. [22] at 5. Lastly, as to the "open questions" on litigation funding, Petitioner argues that "such evidence, if it did exist, may be relevant to [Petitioner's] defenses in the Azima Proceedings." *Id*. Petitioner adds that Respondents did not object to Judge Otazo-Reyes' determination that evidence sought by Petitioner is also relevant to impeach witnesses. *Id*. at 5-6.

Respondents' supplement as to champerty and maintenance in the UK indicates that while "the English law concept of 'Champerty' is not often seen in modern English litigation, [the Expert had] considerable recent experience of it."[1] ECF No. [21-1] ¶ 2(b). Respondents' Expert states that he "agrees with Mr. Fussell that even in the modern age, English law still recognizes the doctrine

---

[1] The Expert explains that Champerty in English law occurs when where A funds B's litigation against C in exchange for a portion of B's potential proceeds; Maintenance occurs when A funds B's litigation against C without sharing in any proceeds from a final judgment. ECF No. [21-1] ¶ 18. "A particular form of Champerty is Maintenance. . . . Champerty is [] an aggravated form of Maintenance. . . . The two are sometimes confused." *Id*.

7

of unlawful Maintenance." *Id*. ¶ 23. However, the Expert claims that the Fussell Declaration "significantly understat[es] the willingness of English law to permit third party funding." *Id*. In English law, funding litigation is recognized as promoting access to justice, and there is "nothing obviously wrong with A supporting B to bring a claim against C because A believes C should be brought to justice." *Id*. ¶¶ 21, 23. Moreover, it is "extremely unlikely" that Maintenance would be found unlawful in the UK "simply because a person funds litigation in which he or she has no interest, or because the funder may have some ill will towards the defendant." *Id*. ¶ 23. However unlawful maintenance "as a doctrine of public policy [] has shifted over time." *Id*. ¶ 21. "The question in every case is whether the funder has supported litigation in which he or she has no legitimate interest without just cause. The emphasis is on the reason for providing the support (i.e. the just cause)." *Id*. The Expert concedes that "it is difficult to say where an English Court would now draw the line." *Id*. ¶ 22. On this topic, the Expert ends by opining that unlawful Maintenance is still not a defense for Petitioner as "Maintenance is concerned with the relationship between A and B, [not] between B and C." *Id*. ¶ 25.

The Expert also addresses the "very narrow concept" of abuse of process such as "when a claim is brough about for an ulterior purpose." *Id*. ¶ 30. Abuse, or misuse, of process may be found when the conduct of the proceedings "including the initiation of the claim itself" does not vindicate a right but is "designed to cause the defendant problems of expense, harassment, commercial prejudice or the like beyond those ordinarily encountered in [] properly conducted litigation." *Id*. ¶ 30 (citations omitted). Courts in England "have the ability to strike out a claim for abuse of process." *Id*. ¶ 30.

The text provided in the second supplement supports that "it is not a defence in itself that the claimant is being supported champertously. . . unless the proceedings are a calculated attempt

to contaminate the 'purity of justice', and an abuse of process" will there be relief. ECF No. [21-2] at 14. Again, "the courts insist on the importance of access to justice." *Id*. Respondents emphasized in their Motion to Supplement that maintenance is not in itself a defense. ECF No. [21] at 2.

Petitioner argues that neither of the supplemental authorities "provide[] unqualified support for [Respondents'] arguments." ECF No. [23] at 8. Petitioner asserts that both the Expert statement and the textbook chapter indicate that funded litigation may be considered impermissible in English Courts. *Id*. at 8. "[T]he court may occasionally even be persuaded by a third party to stay, as an abuse of process of the court, an action being brought against him by a maintained litigant." ECF No. [21-2] at 2.

As Magistrate Judge Otazo-Reyes correctly concluded, the discovery sought by subpoena is relevant to Petitioner's champerty defense. ECF No. [19] at 10. Her conclusion was based on the allegations and proffered evidence, including statements by Koshkin such as "I believe we have leverage over Azima. . . . we would think we can prevent from filing an appeal and from counter-suing." ECF Nos. [19] at 9, [1] ¶ 32. Further, Koshkin was involved with providing a draft complaint for the Azima Proceedings. ECF No. [1] ¶ 33. Additionally, the following from the Fussell Declaration was used in reaching her conclusion:

> While litigation funding agreements are to some extent permitted in the [UK], they may amount to unlawful maintenance or champerty, if they involve "wanton and officiuous" meddling, disproportionate control or profit, or a clear tendency to corrupt justice. Certain of the recorded statement by [Koshkin] described in the Petition, including that ENRC has "leverage" over Azima in the Azima Proceeding, that an unrelated third party had the ability to resolve litigation brought by Azima, and that ENRC had agreed to pay the judgment against Azima. . . raise[s] the possibility that ENRC. . . may be doing so with disproportionate control over [them], for the purpose of "wanton and officious" meddling [] and/or with a tendency to corrupt the administration of justice. This may be relevant to [Petitioner's] defence of those proceedings.

9

ECF Nos. [1-1] at 14-15; [19] at 10.

Allegations in the briefings and as identified in the R&R indicate that the issue is not mere funding of the litigation, nor access to justice, nor even permissible funding based upon malice or ill-will. Rather, the discovery information sought is relevant to allegations of control over the actual Azima Proceedings themselves. Respondents' supplemental authorities indicate that while Champerty and Maintenance are accepted practices in English law and therefore not defenses in and of themselves, both authorities clearly indicate that there are exceptions and certain arrangements are considered impermissible. This comports with the assessment in the Fussell Declaration and, as such, reliance on the Fussell Declaration was proper. Thus, discovery information pursuant to 18 U.S.C. § 1782 would be relevant to support Petitioner's anticipated defense that ENRC violated UK law regarding champerty and maintenance in the Azima Proceedings. Respondents' reliance on *In re Kivisto*, 521 F. App'x 886 (11th Cir. 2013) is distinguishable. There, the § 1782 petition was sought without a formal proceeding, either existing or conceived of, coupled with a determination that the discovery was sought for vexatious purposes given prior unsuccessful challenges. 521 F. App'x at 888. Here, Petitioner intends to use the § 1782 discovery materials for an existing case where he is a defendant.

### c. The Temporal Disconnect Argument and the Del Rosso – Koshkin Conversation.

Respondents object to the significance that the Magistrate Judge gave to the conversation between Del Russo and Koshkin based on when the conversation occurred and when Petitioner was added as a party to the Azima Proceedings. ECF No. [20] at 5. Respondents assert that "it is impossible [that] a conversation that occurred in June 2020 evidences Koshkin's knowledge of champerty and maintenance in a proceeding in which [Petitioner] was not even sued until more

10

than one year later." *Id*. Respondents additionally argue that litigation cannot be funded "against a party before litigation exists against said party." *Id*.

Petitioner responds that a funding agreement can be made before litigation commences, and no argument on timing of the payment, the filing of the suit or the joinder of Petitioner, dismisses the issue that "B filed suit against C for pay and to serve some undisclosed purpose of A." ECF No. [22] at 8. Petitioner argues that the proffered evidence shows animus, intent to fund the litigation, and improper control over the litigation. *Id*. Further, Petitioner maintains that the evidence shows that Koshkin has first-hand knowledge of those efforts, making Respondents' "information discoverable for the purposes of this Section 1782 Petition." ECF No. [22] at 8.

Judge Otazo-Reyes correctly points out that Respondents' "temporal disconnect" argument is weakened as the proceedings were continuous and ongoing. ECF No. [19] at 12. The records shows that there was a $4,162,500.00 judgment against Azima "[f]ollowing a trial in early 2020" at which time Azima's initial and sole counterclaim was dismissed. ECF No. [1] ¶ 20; ECF No. [1-1] at 6, ¶ 23. Azima appealed, and the sole counterclaim survived and was remitted to a different judge. ECF No. [1-1] at 6, ¶ 23. Eventually, on July 16, 2021, Azima was allowed "to revive his counterclaims and to add additional defendants, including [Petitioner]." ECF No. [1] ¶ 20. This evidence weakens Respondents' "temporal disconnect" argument as time was likely necessary to add Petitioner as a counterclaim defendant, and as the litigation continued, the opportunity to fund it remained.

Moreover, there is a procedural issue with Respondents' "temporal disconnect" argument as Respondents have not "provide[d] the specific basis for such objections [nor provided] supporting legal authority" for support as required by the local rules. *See* S.D. Fla. L. Mag. J.R. 4(b) ("Any party may object to a Magistrate Judge's proposed findings, recommendations or

11

report. . . . Such a party shall file with the Clerk of the Court. . . written objections which shall specifically identify the portions of the proposed findings, recommendation or report to which objection is made, the specific basis for such objections, and supporting legal authority."). Respondents have provided no legal authority for this objection.

IV. **CONCLUSION**

Upon a *de novo* review, the Court finds Magistrate Judge Otazo-Reyes' R&R to be well reasoned and correct on all matters.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Motion to Supplement the Record, **ECF No. [21],** is **GRANTED**.

2. The R&R, **ECF No. [19]**, is **ADOPTED**.

3. Respondents' Objections, **ECF No. [22]**, are **OVERRULED**.

4. David Neil Gerrard's Petition Pursuant to 28 U.S.C. § 1782, **ECF No. [1]** is **GRANTED**.

5. Counsel for Petitioner shall file revised proposed subpoenas to Yuri Koshkin and Trident Group Global, LLC ("Respondents") on or **before January 16, 2024**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 8, 2024.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record